William **CAPACCHIONE**, Individually and on Behalf of Cristina Capacchione, a Minor, Plaintiff,

v.

**CHARLOTTE–MECKLENBURG SCHOOLS et al.,** Defendants.

James E. Swann et al., Plaintiffs,

v.

Charlotte–Mecklenburg Board of Education et al., Defendants.

Michael P. Grant et al., Plaintiff–Intervenors,

v.

Charlotte–Mecklenburg Board of Education et al., Defendants.

Nos. 3:97–CV–482–P, 3:65–CV–1974–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 22, 1999.

John O. Pollard, Kevin V. Parsons, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, NC, William S. Helfand, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, TX, Lee Meyers, Meyers & Hulse, Charlotte, NC, James E. Ferguson, Luke Largess, Ferguson, Stein, Wallas, Gresham & Sumter, P.A., Charlotte, NC, Adam Stein, Ferguson Stein Wallas Adkins, Gresham & Sumter, Chapel Hill, NC, Elaine Jones, Norman J. Chachkin, Gloria J. Browne, NAACP Legal Defense & Educational Fund, Inc., New York City, for plaintiffs.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, LLP, Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Rose Marie L. Audette, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte, NC, for defendants.

A. Lee Parks, K. Lee Adams, Kirwan, Parks, Chesin & Miller, P.C., Atlanta, GA, Thomas J. Ashcraft, Charlotte, NC, for plaintiff-intervenors.

## ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on a Motion to Substitute Plaintiff by Plaintiffs James E. Swann et al. (the "Swann Plaintiffs") [document no. 121, filed 22 January 1999].

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The landmark school desegregation case *Swann v. Charlotte–Mecklenburg Bd. of Educ.*, No. 1974 (W.D.N.C.), began in 1965 and was eventually closed as an active matter of litigation and removed from the docket in 1975. On 6 March 1998, pursuant to a motion by the Swann Plaintiffs, the Court reactivated *Swann* and consolidated it with *Capacchione v. Charlotte–Mecklenburg Schools*, No. 3:97–CV–482–P (W.D.N.C.), an action challenging the race-based assignment polices of a magnet school. The Swann Plaintiffs contend that such race-based assignment policies are constitutional because past vestiges of a segregated school system remain unremedied—the same position that is taken by Defendants Charlotte–Mecklenburg Board of Education et al. (the "School Board").

On 4 May 1998, the Court permitted William Capacchione, individually and on behalf of Cristina Capacchione, a minor ("Capacchione") to intervene in the *Swann* case. On 20 May 1998, the Court granted another motion to intervene in the consolidated action by a group of parents of students in the school system represented by Michael P. Grant et al. (the "Grant Intervenors"). The Grant Intervenors seek a finding that the school system has achieved "unitary status" as required by the 1971 desegregation order and urge an end to the school system's race-based policies.

After an attorney for Capacchione observed that James E. Swann and the rest of the original Swann Plaintiffs no longer had any children in the school system, the Court permitted the Swann Plaintiffs to substitute three new representatives: Terry Belk, Dwayne Collins, and Walter Gregory, each on behalf of his minor children attending schools in the district. (Order filed 16 September 1998.)

Capacchione and his family moved to California in August 1998. As a result, on 22 December 1998, the Court dismissed Capacchione's claims for injunctive and declaratory relief but allowed his claims for compensatory relief to proceed.

In 22 January 1999, the Swann Plaintiffs notified the Court that Walter Gregory and his son likewise moved to another state and therefore no longer had standing in the present case. The Swann Plaintiffs moved to substitute Gregory with Betty McKinney, the guardian and next friend of her grandson, Sedecka Griffin, who is a student in the school system. None of the parties to the consolidated action filed a response to this motion.

## II. DISCUSSION AND ANALYSIS

"Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R.Civ.P. 21.

The Court does not find that the substitution of Gregory for McKinney is either necessary or useful at this late stage of the proceedings. Gregory's interests should be adequately represented by the current Swann Plaintiffs. Moreover, the parties have completed discovery, and the trial is scheduled to begin in less than two months. The Swann Plaintiffs assert that the substitution of McKinney will not hamper the progress of the case or prejudice any of the other parties. Yet, while Gregory was not deposed, it appears that Belk was deposed, so it cannot be said that there would be absolutely no need to propound discovery to a new party.

**NOW, THEREFORE, IT IS ORDERED** that the Swann Plaintiffs' Motion to Substitute Plaintiff [document no. 121] be, and hereby is, **DENIED.**